For meaning of Abreviations, See Ternary Digest, page XII.

---

## No. 534

### THASKY v. DUDLEY

No. 20483. Supreme Court

On motion to certify. Dock. Apr. 26, 1927, 4 Abs. 281.

149. BILL OF SALE—Where one gets a voidable title to an automobile under laws of Illinois, by reason of presenting a forged check; and brings same to Cleveland and sells it to a person who accepts three bills of sale and when said person attempts to file them, they are refused because there is no affidavit of ownership and purchaser finds out all the facts of the case, and has seller arrested, etc., is he an innocent and bona fide purchaser for value in view of the Ohio bill of sale laws?

Julius Thasky a resident of Chicago, Ill. sold a Cadillac sedan automobile to one J. J. Miller who gave a check for same, which later turned out to be forged. Sholl, alias Mr. King in turn sold the car to Albert Dudley a resident of Cleveland representing to him that he got title to same from a Mr. Finnegan of Youngstown, Ohio through an assignment for money that Sholl had loaned Finnegan. Sholl tendered bills of sale to Dudley which were made by erasing other names and numbers from a bona fide bills of sale. When Dudley tried to file his bills of sale, the clerk refused, asking for an affidavit of ownership. In attempting to get same Dudley found out all the circumstances and upon apprehension of Sholl he was tried and sentenced to the penitentiary. Thasky brought replevin against Dudley, which by an agreed statement, of facts, became an action for money only, and the trial court found for Thasky. The reviewing court reversed same, and Thasky contends in the Supreme Court:

1. That Dudley did not obtain any title whatsoever by virtue of the transaction with Sholl in Cleveland.

2. That if title to the Cadillac sedan did pass by virtue of the transaction between Sholl and Thasky in the State of Illinois, it was a voidable title and Dudley who negotiated with Sholl is not an innocent or bona fide purchaser for value without notice.

Attorneys—Merrick, Fitzmartin & Walsh for Thasky; Grover C. Hosford for Dudley; all of Cleveland.

Note:—Motion to certify overruled, 5 Abs. 399.